IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

**DEBRA ISENHOWER,**

                          **Hon.**

    **Plaintiff,**              **Case No.**   3:19cv031

v.

**PINNACLE RECOVERY, INC.**

    **Defendant.**

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff DEBRA ISENHOWER ("Plaintiff" or "Isenhower"), by and through her counsel, DC Capital Law, LLP, and files this Complaint against Defendant PINNACLE RECOVERY, INC., ("Defendant" or "Pinnacle"). In support of her Complaint, Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. Plaintiff alleges that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA") when it engaged in conduct expressly prohibited by the FDCPA as part of its efforts to collect delinquent timeshare association fees from Plaintiff.

2. Defendant's violative collection practices include, *inter alia*, sending consumers written communications that:

    (a) make false, deceptive, and misleading representations that Defendant is authorized to assess baseless, unfounded "Collection Costs" in the arbitrary

amount of 35% of the alleged outstanding principal balance, which collection costs are not in fact authorized by law or contract;

(b) Attempting to collect those arbitrary "Collection Costs" that are not permitted by law or contract to be charged to be assessed to Plaintiff; and

(c) Threatening adverse consequences to Plaintiff's credit history and reports if these unlawful and unsubstantiated fees are not paid.

3. The FDCPA regulates the behavior of collection agencies in collecting debts on behalf of another. Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal and financial issues, including bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a)-(e).

4. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of even just one violation. Debtors may file claims arising from the FDCPA whether or not they have contested the debt, as the Fourth Circuit recognized in *Russell v. Absolute Collection Servs.*, 763 F.3d 385, 393 (4th Cir. 2014). Additionally, the FDCPA is a remedial statute that is "to be construed liberally." *Id.*

5. To combat the use of unconscionable and unfair practices by debt collectors, the FDCPA at 15 U.S.C. § 1692e prohibits the use of false, deceptive, and misleading collection letters and enumerates a non-exhaustive list of unconscionable or unfair debt collection practices that

constitute *per se* violations of the statute. 15 U.S.C. § 1692e (1)-(16). Included among the *per se* violations prohibited by this section is the making of false representations concerning the character, amount, or legal status of any debt, 15 U.S.C. §1692e(2)(A), as well as the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e (10).

6. To further combat the use of unconscionable and unfair practices by debt collectors, the FDCPA at 15 U.S.C. § 1692f prohibits debt collectors for assessing arbitrary and unfounded collection fees and enumerates a non-exhaustive list of unconscionable or unfair debt collection practices that constitute *per se* violations of the statute. 15 U.S.C. §§ 1692f (1)-(8). Included among the *per se* violations prohibited by this section are the attempt to collect any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly permitted by law or contract. 15 U.S.C. § 1692f (1).

7. Thus, the attempt to collect any amount not expressly authorized by the debtors' underlying contract with the creditor, or otherwise authorized by law, constitutes a *per se* violation of the FDCPA. In the instant case, Defendants improperly seek to recover arbitrary, unsubstantiated collection fees that have no basis in law or contract.

8. The FDCPA gives consumers a private right of action to enforce its provisions against debt collectors. 15 U.S.C. § 1692k(a). To state a claim under the FDCPA, Plaintiff must allege in the complaint: (1) the Plaintiff has been the object of collection activity arising from consumer debt; (2) the Defendant is a debt collector as defined by the FDCPA; and (3) Defendant is engaged in an act or omission prohibited by the FDCPA.

9. "To trigger civil liability against a debt collector, a consumer need only prove one violation of the FDCPA." *Ben-Davies v. Blibaum & Assocs., P.A.*, 695 Fed. App'x 674, 676 (4th Cir. 2017).

10. The FDCPA that debt collectors refrain from assessing unsubstantiated charges, fees and costs beyond the guidelines of the original contract at 15 U.S.C. §§ 1692f:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> > (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

## II. PARTIES

11. Plaintiff Isenhower is a natural person residing in Richmond, Virginia. At all times relevant to this Complaint, Plaintiff was and is a consumer within the meaning of the FDCPA.

12. Defendant Pinnacle is a California corporation that regularly transacts business in Virginia by collecting on timeshare and condominium association debt, including against Virginia residents such as Plaintiff. At all times relevant to this Complaint, Defendant was and is a debt collector within the meaning of the FDCPA.

13. Assessments for condominium and homeowners' associations on property acquired for personal family or household purposes—such as timeshares, for example—are FDCPA debts. This case involves an obligation, or an alleged obligation, arising from a transaction conducted for primarily for personal, family, or household purposes.

## III. JURISDICTION & VENUE

14. Jurisdiction arises under 15 U.S.C. § 1692k (d) and 28 U.S.C. §§ 1331, 1337.

15. Declaratory relief is available pursuant to under 28 U.S.C. §§ 2201, 2202. Venue

-4-

is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this district.

### IV. FACTS CONCERNING PLAINTIFF

16. On or about December 12, 2004, Plaintiff and Jerry Alan Looney purchased a timeshare from Barrier Island Station Inc. (the "Original Creditor" or the "Association"), specifically Unit 717, Week No. 35, which timeshare ownership required the payment of yearly Association dues and Maintenance fees. **Exhibit 1.**

17. Mr. Looney passed away intestate on or about August 21, 2008. Because Plaintiff and Mr. Looney were unmarried (the reference to Plaintiff as Mr. Looney's wife in the deed was erroneous), ownership of Mr. Looney's one-half ownership interest in the timeshare passed to his mother, Mr. Looney's sole surviving heir, who then conveyed that one-half ownership interest in timeshare to Plaintiff by a subsequent instrument dated February 12, 2009. **Exhibit 2.** Thus, Plaintiff has been the sole owner of the entire timeshare interest since that date.

18. Because of financial hardship, Plaintiff was unable to stay current on the annual payments allegedly owed to the Association. Consequently, the account went into default.

19. On or about March 19, 2018, Defendant Pinnacle, a debt collector hired by the Association, contacted Plaintiff by letter seeking the following amounts:

| | |
|---|---|
| Maintenance Fees | $6,279.55 |
| Special Assessment | $    0.00 |
| Collection Costs | $2,197.84 |
| **Total Balance** | **$8,477.39** |

**Exhibit 3.** Notably, the $2,197.84 sought in "Collection Costs" is exactly 35% of the maintenance fee balanced alleged to be outstanding—an arbitrary amount with no relationship to the actual

costs of collection or to the timeshare obligation itself.

20. After receiving the letter, Plaintiff retained counsel to try to negotiate an end to the timeshare. On April 6, 2018, Plaintiff's counsel wrote Pinnacle a letter demanding validation of the disputed debt, as Pinnacle had invited in its own letter. **Exhibit 4.**

21. Pinnacle responded to Plaintiff's validation request by providing a partial transaction history on the account and stating that Plaintiff owed $6,319.97, plus the aforementioned "Collection Costs." **Exhibit 5.**

22. Notably, the $6,319.97 amount claimed in Pinnacle's May 3 letter resembles neither the $6,279.55 maintenance fee figure nor the $8,477.39 total figure (factoring in the unlawful "Collection Costs") put forth in its initial correspondence of March 19, 2018.

23. On or about September 13, 2018, Plaintiff's counsel again wrote to Pinnacle seeking proper validation of the debt on the basis the Pinnacle had failed to show its authority to asses $2,197.84 in "Collection Costs" or explained why it was pursuing Plaintiff for a different amount of money in each letter. **Exhibit 6.**

24. Pinnacle again responded with a purported validation that, instead of pointing to any law, statute, or contract provision authorizing it to assess Plaintiff for "Collection Costs," merely made the conclusory assertion that Plaintiff owed $2,197.84 for that line item. **Exhibit 7.**

25. The delinquent timeshare maintenance fee obligation allegedly owed by Plaintiff is a "debt" as defined by 15 U.S.C. §1692a (5).

26. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a (3).

27. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a (6). Indeed, Pinnacle plainly states as much on its website:

> Founded in 2000, Pinnacle Recovery, Inc. ("Pinnacle") is a nationwide **full-service debt recovery** company that specializes in the professional, efficient and ethical resolution of its clients delinquent and defaulted receivables.

**Exhibit 8.**

28. Defendant is *not* a "creditor" as defined by 15 U.S.C. § 1692a (4). In the instant case, the Association remains the creditor.

29. The "Collection Costs" of $2,179.84 comprise exactly 35% of the alleged outstanding principal balance $6,279.55, an arbitrary percentage with no basis in law, fact, or contract, and an amount which contravenes the FDCPA.

30. Defendant's collection letters constitute "communications" as defined by 15 U.S.C. § 1692a (2).

31. The debt allegedly owed by Plaintiff arose out of a transaction conducted primarily for personal, family, or household purposes—the purchase of the timeshare, in this case—making it a consumer debt within the meaning of the FDCPA.

32. Plaintiff has suffered an injury in fact and continues to face harm to her financial and public reputation. Defendant has improperly requested Plaintiff to pay these unlawful "Collection Costs" numerous times. Not only are such arbitrary "Collection Costs" prohibited by the FDCPA, but, as a result of Defendant's violative practices, Plaintiff is unfairly seen as a delinquent debtor for not paying these unlawful fees.

## V. FIRST CAUSE OF ACTION
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

33. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint as if fully set forth herein.

34. Defendant violated the FDCPA to Plaintiff's detriment. Defendant's violations include, but are not limited to, the following:

(a) Making false, deceptive, and misleading representations concerning the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A) by leading Plaintiff to believe she owed "Collection Costs" that in fact have no basis in law or contract; and

(b) Making false, deceptive, and misleading representations concerning any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt in violation of 15 U.S.C. §1692e(2)(B) by assessing "Collection Costs" that bear no relationship to the actual cost of collection, and instead constitute a flat 35% of the alleged principal balance; and

(c) Using false representations and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e (10) by leading Plaintiff to believe she owed "Collection Costs" that in fact have no basis in law or contract; and

(d) Using an unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f and f(1); and

(e) Collecting amounts that are incidental to the principal obligation, which amounts are not expressly authorized by the agreement creating the debt or permitted by law in violation of 15 U.S.C. §§ 1692e, 1692e (2), 1692f, and 1692f (1); and

(f) Threatening to place false amounts owed on Plaintiff's credit reports when the amount charged by Defendant is false, illegal and not contractually justified under and in violation of 15 U.S.C. § 1692e (5) and 15 U.S.C. § 1692e (8).

## VI. PRAYER FOR RELIEF

35. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor as follows:

A. **For the FIRST CAUSE OF ACTION**:

(i) An award of the maximum statutory damages for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(ii) An award of actual damages for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(1);

(iii) An award of declaratory relief, pursuant to 28 U.S.C. §§ 2201, 2202 adjudging that Defendant's collection practices violate the FDCPA;

(iv) An award of damages for illegal threats to the Plaintiff's credit report;

(v) An award of Plaintiff's reasonable attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

(vi) For such other and further relief as may be just and proper.

## VIII. JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

Dated: January 10, 2019

*/s/ Frank Gulino*
Frank Gulino, Esquire
Virginia State Bar No. 86167
**DC Capital Law, LLP**
700 12th Street NW #700
Washington, DC 20005
Phone: (202) 793-4433
Email: fgulino@dccapitallaw.com
*Counsel for the Plaintiff*